# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY LAWS, | 1:12-CV-01770 BAM HC |
| Petitioner, | ORDER DISMISSING PETITION WITHOUT PREJUDICE FOR FAILURE TO EXHAUST STATE REMEDIES |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has consented to the exercise of magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

Petitioner filed the instant federal petition for writ of habeas corpus on October 19, 2012. He challenges his 2011 conviction sustained in Kern County Superior Court for second degree robbery. Following a preliminary review of the petition, the Court determined that it appeared Petitioner had not completed exhaustion of his state remedies. Accordingly, on November 16, 2012, the Court issued an order directing Petitioner to show cause why the petition should not be dismissed for failure to exhaust state remedies. On November 28, 2012, Petitioner filed a response to the order to show cause.

**DISCUSSION**

I. Exhaustion

As discussed in the order to show cause, a petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

Petitioner concedes he has failed to exhaust state remedies with respect to one of his claims, but he contends dismissal is inappropriate because he has fully exhausted his state remedies with respect to the other three claims. He has submitted a copy of a petition for writ of habeas corpus he filed in the California Supreme Court as well as the decision of that court denying the petition. Upon review of the petition, the Court finds that Petitioner has failed to exhaust state remedies as to all four claims. First, two of the four claims he now presents were not presented in the petition to the California Supreme Court. In that petition, Petitioner presented two claims as Ground One: "Ineffective counsel for failing to adequately an [sic] proffessionaly [sic] present a defense evidence on my motion to withdraw plea. The trial court abused its discretion by denying my motion to withdraw my plea." (Pet'r's Resp., Ex. A.) Therefore, two, not three, claims were not presented. However, even those two claims that were raised were not "fairly presented" to the California Supreme Court. As discussed above, Petitioner "must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is 'self-evident.'" Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999), *citing* Anderson v. Harless, 459 U.S. 4, 7 . . . (1982). In his petition to the California Supreme Court, Petitioner failed to specify a violation of federal law or a decision of the federal courts. His claims were premised entirely on state law. Therefore, the instant petition is completely unexhausted and must be dismissed.

Moreover, the Court notes that the California Supreme Court denied the petition with citation to People v. Duvall, 9 Cal.4th 464, 474 (1995), In re Dixon, 41 Cal.2d 756, 759 (1953), and In re Swain, 34 Cal.2d 300, 304 (1949). These citations indicate, *inter alia*, that Petitioner has procedurally defaulted his claims by raising claims by petition for writ of habeas corpus that should have been raised on direct appeal. See Dixon, 41 Cal.2d 756; In re Robbins, 18 Cal.4th 770, 811 (1998); Protsman v. Pliler, 318 F.Supp.2d 1004, 1006-08 (S.D. Cal.2004). Therefore, even if the claims were considered exhausted, the Court would be procedurally barred from considering them.

II. Certificate of Appealability

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

# ORDER

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies;

2) The Clerk of Court is DIRECTED to enter judgment and terminate the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: December 7, 2012 /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE